UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL PELLO,

    Plaintiff,

    v.     CAUSE NO.: 3:23-CV-537-RLM-JPK

WEXFORD MEDICAL, et al.,

    Defendants.

OPINION AND ORDER

James Michael Pello, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. The court struck his original complaint because it was unsigned and was very sparse on detail. He was granted leave to file an amended complaint and instructed that he must answer all of the questions on the complaint form to the best of his ability, explain in plain terms what the defendants did or did not do that violated his constitutional rights, and provide the relevant dates of the events about which he was suing. He responded with this amended complaint.

The court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Mr. Pello is proceeding without counsel, so the court must give his allegations liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Pello's claims relate to his medical care at Miami Correctional Facility. Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege: (1) he had an objectively seriously medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id*. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). They are entitled to "reasonable measures to meet a substantial risk of serious harm." Id. at 267.

On the second prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. Hildreth v. Butler, 960 F.3d 420, 425–426 (7th Cir. 2020). Instead, the inmate must allege deliberate indifference, which is "a culpability standard akin to criminal recklessness." Thomas v. Blackard, 2 F.4th 716, 722 (7th Cir. 2021).

Mr. Pello's amended complaint is still very light on detail. He alleges in broad terms that Nurse Kim Myers and Dr. Carl Kuenzli engaged in "mistreatment and neglect" that "caused me to lose parts of my leg and the use of my arm" and that his recovery from some type of surgery was "made longer . . . because of the lack of help." He doesn't provide other details, and it remains unclear what medical problem he had with his arm and leg, what treatment (if any) he was provided by these individuals, and why the treatment provided was allegedly deficient. It can be inferred that he suffered some serious medical problem, but merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010).

Mr. Pello doesn't give the exact date when the surgery or other injury occurred; he says only that the relevant events "started in 2016." Events occurring in 2016 are well outside the two-year limitations period that applies to claims brought under 42 U.S.C. § 1983. *See* Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012) (claims brought under 42 U.S.C. §1983 borrow the statute of limitation applicable to personal injury claims, which in Indiana is two years). Mr. Pello still hasn't alleged a plausible, timely claim of deliberate indifference against these two medical defendants.

Mr. Pello also sues Warden Brian English. In his words, the Warden "is supposed to make sure that all parts of the prison are running smoothly and I was treated poorly in the infirmary." Liability under 42 U.S.C. § 1983 is based on personal

responsibility, and the Warden can't be held liable for damages simply because he oversees operations at the prison. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Nothing in Mr. Pello's allegations suggests that the Warden had any personal involvement in these events. He also names the Indiana Department of Correction "Division of Medical and Clinic Healthcare" as a defendant, but the State of Indiana and its agencies aren't "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Additionally, state agencies have Eleventh Amendment immunity from a claim for damages in federal court. de Lima Silva v. Dep't of Corr., 917 F.3d 546, 565 (7th Cir. 2019).

Mr. Pello makes a passing reference to his rights under the "14th Amendment" and "First Amendment" being violated. He doesn't provide any factual content to explain how his due process and free speech rights were violated, or who allegedly violated them. The limited facts he provides pertain only to his medical care. He has not stated a plausible claim under either of these two constitutional provisions. Ashcroft v. Iqbal, 556 U.S. at 678.

The amended complaint doesn't state a claim and is subject to dismissal under 28 U.S.C. § 1915A. In the interest of justice, the court will allow Mr. Pello one final opportunity to amend his complaint if, after reviewing the court's order, he believes he can state a plausible, timely federal claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See* Abu-Shawish v.

United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 5, 2023**, to file a second amended complaint; and

(2) CAUTIONS him that if he does not respond by September 5, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 7, 2023

                                        s/ Robert L. Miller, Jr.
                                        JUDGE
                                        UNITED STATES DISTRICT COURT